IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRUCE DAVID, | : | CIVIL ACTION |
| Plaintiff, | : | FILE NO. |
| vs. | : | |
| | : | Jury Trial Demanded |
| MCCULLOUGH, PAYNE & HAAN, LLC, | : | |
| Defendant. | : | |

COMPLAINT

I.
INTRODUCTION

1. This is an action for damages, litigation expenses, and attorney's fees under 15 U.SC. § 1692 et seq, the Fair Debt Collection Practices Act (FDCPA). Plaintiff alleges Defendant violated the FDCPA by altering the Georgia statutory form notice and summons for Magistrate Court in a manner designed to deprive Plaintiff of important information for defending a debt collection lawsuit, and to falsely impose burdens upon Plaintiff that the Georgia General Assembly has decided should not be imposed on defendants in Magistrate Courts.

1

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to this claim occurred in this district. Venue is also proper under 28 U.S.C.§ 1391(b)(1) because the Defendant's registered office and principal place of business are located within this district. Venue in the Atlanta division is proper under Local Rule 3.1(B)(1)(a) because the Defendant resides within the division and Local Rule 3.1(B)(3) because the activity giving rise to this cause of action occurred within the division.

## III.
## PARTIES

4. Plaintiff, BRUCE DAVID, is a natural person residing in Fulton County, Georgia.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant, MCCULLOUGH, PAYNE & HAAN, LLC, is a Georgia limited liability company with its principal place of business located at 271 17th St. NW, Suite 2200, Atlanta, Georgia, 30363.

7. Defendant's registered agent is John G. McCullough, whose registered office address is 271 17th St. NW, Suite 2200, Atlanta, Georgia, 30363.

8. Defendant regularly uses one or more instrumentalities of interstate commerce, including fax, telephone, e-mail, and the mails in its business, the principal purpose of which is the collection of debts.

9. Defendant regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or due another.

10. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## IV.
## FACTUAL ALLEGATIONS

11. At all times material to this action Plaintiff was a consumer allegedly obligated to pay an amount past due on a consumer credit card account to Barclays Bank Delaware.

12.     The obligation that Plaintiff was allegedly obligated to pay was incurred by purchasing goods and services for personal, family, or household purposes.

13.     The obligation that Plaintiff was allegedly obligated to pay Barclays Bank Delaware is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

14.     On January 14, 2015, the Defendant, on behalf of its client, Barclays Bank Delaware, filed a lawsuit against Plaintiff in the Magistrate Court of Fulton County, Civil Action File No. 15MS000475. (Hereafter, the "FULTON MAGISTRATE COURT ACTION.")

15.     The Magistrate Courts in Georgia have civil jurisdiction over claims valued up to, but not exceeding, $15,000.00.

16.     The statute governing the civil jurisdiction of Magistrate Courts, O.C.G.A. § 15-10-2, provides: "Each magistrate court and each magistrate thereof shall have jurisdiction and power over the following matters: . . . (5) The trial of civil claims including garnishment and attachment in which exclusive jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $15,000.00, provided that no prejudgment attachment may be granted[.]"

17. The Magistrate Courts function as Georgia's "small claims" courts.

18. The Magistrate Courts have no jury trials, discovery only by court order, and no summary judgment procedures.

19. The Magistrate Courts are intended to be procedurally simple and "user friendly." As a result, individuals frequently proceed in Magistrate Court without an attorney.

20. Civil actions in Magistrate Court are commenced by the filing of a "Statement of Claim." *See* O.C.G.A. §15-10-43(a).

21. The statement of claim, verification and notice is required to be in substantially the form provided in O.C.G.A. § 15-10-48.

22. The statutory Statement of Claim form incorporates a description of the cause of action, a verification by the party commencing the action and a notice from the court that functions as the summons.

23. "The plaintiff [i.e., Barclays Bank Delaware] or his or her agent [i.e., this Defendant] shall sign and verify the statement of claim by oath or affirmation." O.C.G.A. §15-10-43(a).

24. The form of the notice/summons specified in O.C.G.A. § 15-10-48 is:

You are hereby notified that _____ has made a claim and is requesting judgment against you in the sum of ____ dollars ($___), as shown by the foregoing statement. The court will hold a hearing upon this claim at (address of court) at a time to be set after your answer is filed.

YOU ARE REQUIRED TO FILE OR PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE.

If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them with you at the time of hearing.

If you wish to have witnesses summoned, see the court at once for assistance.

If you have any claim against the plaintiff, you should notify the court at once.

If you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the court.

You may come with or without an attorney.

25. Notwithstanding the clear statutory requirement of substantial compliance with O.C.G.A. § 15-10-48, Defendant prepared, filed, and had served upon Plaintiff a notice/summons that substantially departed from the required statutory form. (Hereafter referred to as "DEFENDANT'S DEFECTIVE NOTICE.")

26. DEFENDANT'S DEFECTIVE NOTICE states:

You are hereby required to file with the clerk of said Court and to serve a copy on Plaintiff or Plaintiff's Attorney, an answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.

Your answer may be filed in writing or may be given orally (in person) to the Court. If you mail in your answer it must be notarized. Upon receipt of your answer a hearing date will be set

7

and you will be notified by mail. At said hearing, bring your witness, books, receipts or other writings bearing on your claim for defense. Failure to appear at the time of hearing may result in judgment being entered against you.

27. A true and correct copy of the document containing DEFENDANT'S DEFECTIVE NOTICE is attached hereto as Exhibit A.

28. DEFENDANT'S DEFECTIVE NOTICE does not inform the consumer that "[i]f you wish to have witnesses summoned, see the court at once for assistance."

28. DEFENDANT'S DEFECTIVE NOTICE does not inform the consumer that "[i]f you have any claim against the plaintiff, you should notify the court at once."

29. DEFENDANT'S DEFECTIVE NOTICE does not inform the consumer that "[i]f you admit the claim, but desire additional time to pay, you must come to the hearing in person and state the circumstances to the court."

30. The required notice in Magistrate Court is extremely important because of the tendency of many consumers to proceed without counsel once

they are served with Magistrate Court papers by a debt collection law firm such as this Defendant.

31.  Each of the omitted statutory notices provides meaningful information that is generally unknown to the least sophisticated consumer.

32.  The right to subpoena witnesses, assert counterclaims, and seek a court ordered deferred payment plan are all important rights that benefit consumers such as this Plaintiff.

33.  DEFENDANT'S DEFECTIVE NOTICE states "[i]f you mail in your answer it must be notarized."

34.  There is no requirement that Magistrate Court answers in Georgia be notarized.

35.  Georgia law governing Magistrate Court answers specifically provides that "Verification of an answer shall not be required." O.C.G.A. § 15-10-43(c).

36.  The Statement of Claim that the Defendant filed in the FULTON MAGISTRATE COURT ACTION and served upon the Plaintiff states:

> "(3) Attached hereto and incorporated as Exhibit 'A' is a true and correct copy of the statement showing the amount due and owing."

37. No such account statement was attached to the copy of the Statement of Claim that was served upon the Plaintiff.

38. The Plaintiff was reluctant to verify his denial of the claim in the absence of a copy of the account statement.

39. By requiring that answers sent by mail be "notarized," Defendant made to Plaintiff a false statement of Georgia law in a manner which was designed to impose additional burdens on him and to encourage default.

## V.
## VIOLATIONS OF THE FDCPA

40. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41. The above described acts of the Defendant constitute violations of the Fair Debt Collection Practices Act.

42. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

b.  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the debtor, in violation of 15 U.S.C. § 1692e(10); and

c.  The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff requests judgment against Defendant for:

i.  Actual damages,

ii. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B),

iii. Attorney's fees, litigation expenses and costs of suit, pursuant to 15 U.S.C.§1692k(a)(3); and

iv. Such other relief as the Court deems proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

July 26, 2015

**/s/ Lawrence A. Silverman**
LAWRENCE A. SILVERMAN
GA Bar No. 646120
Attorney for Plaintiff
SOUTHEAST CONSUMER LAW
800 Johnson Ferry Rd.
Atlanta, GA 30342
Tel. 404-736-6020
E-mail las@seclg.com

11